# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-7009**                           **September Term, 2021**

**1:15-cv-00736-KBJ**

**Filed On:** April 28, 2022

Charlesworth Rae,

       Appellant

    v.

Children's National Medical Center, et al.,

       Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Millett, Pillard, and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment of counsel, and the motion to expedite, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's December 28, 2020 order be affirmed. First, the district court correctly concluded that appellant did not submit evidence raising a genuine issue of material fact with respect to whether his former employer "honestly believes in the reasons it offers" for firing him. See Woodruff v. Peters, 482 F.3d 521, 531 (D.C. Cir. 2007) (quoting Fischbach v. D.C. Dep't of Corrs., 86 F.3d 1180, 1183 (D.C. Cir. 1996)). And appellant forfeited any argument that his former employer failed to carry its burden of establishing those reasons in the first place. See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (internal quotation marks omitted)).

Second, the district court did not improperly apply the McDonnell Douglas burden-shifting framework to appellant's public policy claims, nor did it fail to analyze

whether certain of his actions were a "close fit" to the public policies he identified. Instead, the district court correctly concluded that appellant had not submitted evidence suggesting that those actions were the predominant reason for his being fired, and appellant has not meaningfully challenged that conclusion in his brief.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (observing that arguments not raised in the opening brief are forfeited).

Third, appellant's assertion that his proposed second amended complaint is the operative complaint and that various other of his claims are therefore still live is incorrect.  The district court denied leave to file appellant's second amended complaint, and appellant has forfeited any challenge to that ruling by failing to raise it on appeal. See id.

Finally, this court declines to consider appellant's remaining "asserted but unanalyzed" arguments concerning the resolution of various discovery disputes and the district court's alleged failure to liberally construe his pro se pleadings.  See SEC v. Banner Fund Int'l, 211 F.3d 602, 613 (D.C. Cir. 2000).  It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**